# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. ALEXANDER | CASE NO. 1:07-cv-00759-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS WITHIN THIRTY DAYS |
| v. | |
| JAMES C. TILTON, et al., | |
| Defendants. | (Doc. 7) |

Screening Order

    A.    <u>Screening Standard</u>

Plaintiff Larry C. Alexander ("plaintiff") is a state prisoner proceeding pro se and in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 23, 2007. Plaintiff then filed a First Amended Complaint on August 13, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at various California State Prison locations, where Plaintiff has resided since 1982. Plaintiff names over 100 defendants in this action. Plaintiff is seeking money damages. Plaintiff alleges that beginning around 1984, Defendants have consistently failed to provide Plaintiff with adequate medical care, and have acted in a retaliatory manner toward him for attempting to pursue medical treatment. Plaintiff alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff further alleges that Defendants violated his rights under the Americans With Disabilities Act, and the Rehabilitation Act.

///

C.     First Amendment Claims

Plaintiff alleges that prison staff members have been retaliating against him for exercising his protected right to file grievances via the inmate appeals process.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, No. 06-1995, 2007 WL 1374746, *2 (8th Cir. May 11, 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v.

3

Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Further, the mere involvement of some defendants in the resolution of an inmate's appeal, alone, does not provide a basis upon which to impose liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Plaintiff alleges that numerous defendants have retaliated against him for pursing his inmate grievances. For example, plaintiff complains that seventeen of the named defendants, as well as numerous Doe defendants, "blatantly threatened to leverage plaintiff's medical treatment and prescriptions". (Doc. 7, court record pg. 30, ¶59.) However, earlier in his complaint plaintiff refers only to certain Doe defendants as behaving in such a manner. (Doc. 7, court record pg. 12, ¶24). As a result, it is unclear from the complaint how each defendant acted in a retaliatory manner towards plaintiff. In order to proceed under section 1983, plaintiff must allege sufficient facts to support a claim that *each* defendant either acted or failed to act in a manner that was adverse to plaintiff and that the defendant did so in retaliation against plaintiff for filing inmate grievances. Finally, many of these defendants listed by plaintiff address and resolve inmate appeals. As stated above, involvement in the resolution of an inmate's appeal, alone, does not provide a basis upon which to impose liability under section 1983.

The court will provide plaintiff with the opportunity to file an amended complaint that sets forth for each defendant, *as briefly as possible*, what action that defendant took or failed to take and why (e.g., to retaliate against plaintiff for litigating in court or for filing inmate grievances).

///

D.     8th Amendment Medical Care Claims

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that he sought treatment for Condyloma Accuminata Popaloma Virus (CAPV) and also Hepatitis C Virus (HCV) throughout his incarceration. Plaintiff alleges that defendants failed to provide plaintiff with adequate medical care despite knowledge of his medical conditions. Plaintiff alleges that defendants' inaction caused him to suffer unnecessarily.

**I) Treatment at California State Prison - Calipatria (CSP-CAL) - Defendants Sands, Peterson, Nguyen, Fasolo,Edwards, and Doe 3.**

Plaintiff's complaint is devoid of any facts supporting a claim that defendants Sands, Peterson or Nguyen acted with deliberate indifference to plaintiff's serious medical needs. Plaintiff claims that the treatment he received has been inadequate and that he disagrees with the treatment that had been rendered. This is insufficient to state a claim. Plaintiff has failed to allege that defendants Sands, Peterson or Nguyen knew of and disregarded a serious risk to plaintiff's health. Rather, the defendants Sands, Peterson and Nguyen rendered treatment and/or ordered medical referrals for plaintiff, though plaintiff considers this insufficient.

Plaintiff alleges that while incarcerated at CSP-CAL, Plaintiff filed an inmate grievance complaining of the lack of medical treatment provided. Plaintiff alleges that defendants Fasolo and Edwards failed to promptly process plaintiff's inmate grievance on an emergency basis, despite plaintiff's pain and suffering. Plaintiff further alleges that defendants Fasolo and Edwards improperly rejected plaintiff's re-submission of his appeal on the grounds that plaintiff's re-submission was filed too late. Plaintiff alleges that defendant Doe 3 was put on notice regarding the lack of treatment provided to him at CSP-CAL, but refused to intervene.

As stated above, with respect to the defendants involved in responding to plaintiff's inmate appeal, the resolution of an inmate's appeal, alone, is an insufficient basis upon which to impose liability under section 1983. Further, "deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Under federal notice pleading standards, plaintiff's allegations are insufficient to support a claim against defendants Doe 3 for acting with deliberate indifference to plaintiff's serious medical needs. Plaintiff's complaint is also devoid of facts supporting a claim that defendants Sands, Peterson, Nguyen, Fasolo, Edwards, and Doe 3 acted with deliberate

indifference to plaintiff's serious medical needs.

### ii) Treatment at California State Prison -Los Angeles County at Lancaster (CSP -LAC) - Defendants Kittner, Baumgardner, Deliberto Fortaleza, MTA Does, Carlson, Collins, Fitter, Sighn, and Attygalla.

Plaintiff alleges that while incarcerated at CSP-LAC, defendants Kittner, Collins, Carlson and Baumgardner improperly handled plaintiff's medical grievances. Plaintiff alleges that defendant Kittner miscategorized his appeal in order to prevent plaintiff from receiving medical care. Plaintiff alleges that defendant Deliberto improperly dismissed plaintiff's other separate medical grievance by relying solely on a physician's report recommending that no surgery be performed, and ignoring plaintiff's more recent medical complaints.

Plaintiff also alleges that various certain defendant MTA Does refused to administer medication prescribed to plaintiff by defendant Fortaleza, and instead discarded the medication.

Plaintiff alleges that he met with defendant Fortaleza, who recommended plaintiff for a surgical consultation, as part of plaintiff's grievance appeal concerning his medical treatment. Plaintiff alleges that defendant Fortaleza treated plaintiff with an "anciently ordered medication" that caused plaintiff to suffer vision loss, and then failed to follow-up with plaintiff in seven days as promised, to provide the next injection of medication. Plaintiff further alleges that defendant Attygalla examined plaintiff concerning his vision, and improperly determined that plaintiff's vision was within expected and normal limits.

Plaintiff additionally alleges that a further inmate appeal concerning his medical treatment was cancelled by defendant Sighn, as a result of various unknown Does informing defendant Sighn that plaintiff refused to meet and be interviewed for the purpose of processing his appeal.

As explained above, actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. No basis for liability has been stated against defendants Baumgardner, Collins, Carlson, and Fitter. With respect to defendant Kittner, it appears that defendant Kittner was involved in plaintiff's appeal process and had granted plaintiff's appeal. Further, plaintiff's allegations fail to show that defendant Kittner knew of and disregarded an excessive risk to plaintiff's health.

Plaintiff has not alleged facts sufficient to support a claim against defendant Deliberto. First, defendant Deliberto was involved in plaintiff's appeal process, which cannot serve as a basis for liability. Second, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Plaintiff has not demonstrated that defendant Deliberto acted with deliberate indifference to serious medical needs.

Plaintiff's complaints are insufficient to support a claim that defendant Fortaleza acted with deliberate indifference to plaintiff's serious medical needs. Defendant's failure to follow-up does not give rise to a claim for violation of the Eighth Amendment, and a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. However, plaintiff's allegations are sufficient to give rise to claims for relief under the Eighth Amendment against defendants MTA Does.

Plaintiff's complaint is devoid of any facts whatsoever supporting a claim that defendants Sighn and Attygalla acted with deliberate indifference to plaintiff's serious medical needs.

### iii) Treatment at California Substance Abuse and Treatment Facility at Corcoran II (CSATF/SP) - Defendants Bhatt, Heck, Gomez, Hall, Smith, and Flores.

Plaintiff alleges that on or about August 16, 2006, plaintiff was examined by defendant Bhatt concerning plaintiff's persistent pain. Plaintiff alleges that he informed defendant Bhatt of his medical history, and that warts were beginning to migrate to plaintiff's genitalia. Plaintiff alleges that he informed defendant Bhatt of plaintiff's extreme pain, but his health concerns were met with indifference. Plaintiff alleges that defendant Bhatt refused to provide any medical care, including providing plaintiff with pain medication. Plaintiff then filed an inmate grievance concerning his medical treatment, which plaintiff alleges defendant Heck improperly classified as a complaint concerning staff misconduct. Plaintiff alleges that defendant Heck did so in order to prolong plaintiff's suffering. Plaintiff alleges that defendant Flores improperly processed plaintiff's inmate further appeal of defendant Heck's decision.

Plaintiff further alleges that he forwarded a copy of the final appeal decision by defendant Enriquez to defendants Clark, Gomez, Hall, Heck, Flores and Smith. By so doing, plaintiff alleges

that defendants knew of plaintiff's serious medical condition, but failed to act.

Under federal notice pleading standards, plaintiff's allegations against defendant Bhatt are sufficient to give rise to claims for relief under the Eighth Amendment.

Plaintiff has not alleged sufficient facts to support a claim against defendants Heck, Clark, Gomez, Hall, Flores and Smith for acting with deliberate indifference to plaintiff's serious medical needs. Again, some of the defendants appear to be involved in the inmate appeal process, which is an insufficient basis upon which to impose liability under section 1983.

### iv) Wardens: Defendants Clark, Doe 1, Doe 2

Plaintiff alleges that as wardens, defendants Clark, Doe 1 and Doe 2 were on notice regarding the unlawful conditions but refused to intervene.

Liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). The fact that defendants held or hold the position of Warden does not provide a basis upon which to impose liability under section 1983. They must be linked to the violation of plaintiff's constitutional rights.

Plaintiff's complaint is devoid of any facts supporting a claim that defendants Clark, Doe 1, and Doe 2 personally participated in the deprivation of plaintiff's constitutional rights, knew of the violations and failed to prevent them, or implemented a policy so deficient so as to be the moving

9

force of a constitutional violation. Plaintiff's complaint fails to state a claim against defendants Clark, Doe 1, and Doe 2 for violation of plaintiff's Eighth Amendment rights.

### E. Eighth Amendment Dental Care Claims

Plaintiff alleges that he suffers from dental conditions that cause him extreme pain. Plaintiff alleges that while incarcerated at CSP-LAC, a dental plan was initiated by the dental department to have all his teeth removed. Plaintiff alleges that when he was transferred to CSATF/SP, plaintiff sought to have his dental treatment plan continued, and that his requests were refused. Plaintiff alleges that defendants Dental Does refused plaintiff all treatment, and that defendants Dental Does were under orders from Command Staff not to treat plaintiff's conditions, no matter how severe. Plaintiff alleges that he is now required to self-extract his teeth in order to alleviate his pain.

The court has reviewed plaintiff's allegations and finds that plaintiff has alleged sufficient facts to give rise to claims for relief under the Eighth Amendment.

### F. Failure to Train, Supervise and Discipline

Plaintiff alleges defendants Tilton, Kanan, Grannis, Clark, Doe 1, Doe 2, Fitter, Flores, Doe 3, Enriquez and "other Does" are liable for failing to train, supervise and discipline defendants Kittner, Collins, Carlson, Baumgardner, Fasolo, Edwards, Gomez, Hall, Smith, Deliberto, Heck, Sighn, Attygalla, Fortaleza, Nguyen, Sands, Peterson, Bhatt, and "certain other Does".

At most, plaintiff's allegations appear to state a claim for relief based on negligence. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and ©. "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367© is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

G.  Due Process

  I.  Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

  ii.  Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

H.  Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated

differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff has not alleged any facts that would support a claim that his rights under the Equal Protection Clause were violated.

## I. Violation of the Plata and Armstrong Remedial Plans

Plaintiff may not pursue any claims in this action based on the alleged violation of the Plata and Armstrong Remedial Plans. To the extent that plaintiff wishes to seek assistance that he believes is due pursuant to either remedial plan, plaintiff "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for damages in this action solely on the basis that defendants allegedly violated the remedial plans. Plaintiff's claim fails as a matter of law.

## J. Americans with Disabilities Act and the Rehabilitation Act

Plaintiff also alleges that defendants' actions in failing to provide him with services, programs, activities and benefits of adequate medical services and treatment, preventative treatments, and an adequately safe and humane living environment violated his rights under the Americans with Disabilities Act and the Rehabilitation Act.

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Finally, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State

or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Based on the above, plaintiff may not pursue his ADA claim against the individual defendants named in the complaint. In addition, plaintiff's allegations do not support a claim that the defendants violated plaintiff's rights under the RA.

K.     Conclusion

Plaintiff's complaint states some cognizable claims. However, plaintiff's amended complaint sets forth many deficient claims, largely due to plaintiff's failure to adequately link the violation of his rights to specific acts or omission of individual defendants. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed on the cognizable claims only, Plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff three (3) summons and three (3) USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

1  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
2  588 F.2d 740, 743 (9th Cir. 1978).
3      Based on the foregoing, it is HEREBY ORDERED that:
4      1.    The Clerk's Office shall send plaintiff a civil rights complaint form;
5      2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:
6          a.    File an amended complaint curing the deficiencies identified by the court in
7          this order, or
8          b.    Notify the court in writing that he does not wish to file an amended complaint
9          and wishes to proceed only on the cognizable claims; and
10     3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to
11     obey a court order.
12 IT IS SO ORDERED.
13     **Dated:**   **March 11, 2008**            **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE