**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY C. ALEXANDER,<br><br>                    Plaintiff,<br><br>     v.<br><br>TILTON, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:07-cv-00759-LJO-DLB PC<br><br>ORDER REQUIRING PLAINTIFF EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 16)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Screening Order**

Plaintiff Larry C. Alexander ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on May 23, 2007. (Doc. 1.) Plaintiff filed a first amended complaint on August 13, 2007. (Doc. 7.) The Court ordered that Plaintiff either filed an amended complaint or notify court of willingness to proceed only on cognizable claims on March 12, 2008. (Doc. 9.) After receiving extensions of time, Plaintiff filed his second amended complaint on July 28, 2008. (Doc. 16.) Plaintiff's second amended complaint is presently before the Court for screening.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.**   **Summary of Plaintiff's Second Amended Complaint and Rule 18(a)**

Plaintiff is currently a state prisoner at California Substance Abuse Treatment Facility and State Prison ("CSATF/SP") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: Secretary of California Department of Corrections

1  ("CDCR") James C. Tilton; Chief of CDCR's Inmate Appeals Branch Nancy Grannis; Director
2  of Division of Correctional Health Care Service ("DCHCS") Renee Kanan; Warden of
3  CSATF/SP Ken Clark; Warden of California State Prison-Los Angeles County ("CSP-LAC")
4  John Doe 1; Warden of Calipatria State Prison ("CSP-CAL") John Doe 2; Chief Medical Officer
5  ("CMO") of CSP-LAC J. Fitter; CMO of CSATF/SP E. Flores; CMO of CSP-CAL John Doe 3;
6  Correctional Captain at CDCR P. Enriquez; Correctional Counselor II ("CCII")/Appeal
7  Coordinators at CSP-LAC A. Kittner, C. A. Collins, C. R. Carlson, and Shelly Baumgardner;
8  CCII at CSP-CAL H. Fasolo and D. Edwards; CCII at CSATF/SP R. Gomez, R. Hall, and S. A.
9  Smith; Medical Appeals Analyst at CSP-LAC B. Deliberto; SSA at CSATF/SP Corrina M. Heck;
10 Medical Doctors at CSP-LAC J. Sighn, M. Attygalla, and P. Fortaleza; Medical Doctors at CSP-
11 CAL Nguyen and Sands; Dermatologist at CSP-CAL Alex Peterson; Medical Doctor at
12 CSATF/SP Nandan Bhatt; and Does 1 through 150.  (Doc. 16, pp. 1-2.).  Plaintiff's complaint
13 suffers from several deficiencies, as set forth below.

       **1.**  *Federal Rule of Civil Procedure 18(a)*

15   Plaintiff alleges activities that span from his incarceration at CSP-CAL in 2002 (Id., p.
16 12, ¶¶ 24-25), CSP-LAC in 2003 (Id., pp. 17-18, ¶ 32), and CSATF/SP in 2006 (Id., pp. 26-27, ¶
17 49.)  Though the claims alleged concern a similar general subject matter, namely Plaintiff's
18 medical treatment, the Court finds that the events alleged at each prison are unrelated.  Plaintiff's
19 complaint thus fails to comply with Federal Rule of Civil Procedure 18(a).  "The controlling
20 principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim,
21 counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate
22 claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'
23 Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not
24 be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different
25 defendants belong in different suits, not only to prevent the sort of morass [a multiple claim,
26 multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-
27 for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

1  prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v.
2  Smith, 507 F.3d 605, 607 (7th Cir. 2007).

3       The Court focuses its analysis on Plaintiff's allegations regarding events at CSATF/SP.
4  Plaintiff's allegations regarding events at CSP-LAC and CSP-LAC and all defendants related
5  therein, namely, John Doe 1, John Doe 2, J. Fitter, John Doe 3, A. Kittner, C. A. Collins, C. R.
6  Carlson, Shelly Baumgardner, H. Fasolo, D. Edwards, B. Deliberto, J. Sighn, M. Attygalla, P.
7  Fortaleza, Nguyen, Sands, and Alex Peterson, are dismissed without prejudice for non-
8  compliance with Rule 18(a). The Court notes that the Eastern District of California is not the
9  proper venue for complaints regarding events at CSP-CAL and CSP-LAC. See 28 U.S.C. §
10 1391(b). Plaintiff is advised that if he wishes to pursue a claim against defendants concerning
11 events at CSP-CAL and CSP-LAC, Plaintiff should file a separate action against each group of
12 defendants in the correct venue.

13      Plaintiff's allegations regarding CSATF/SP makes distinctions between surgical/medical
14 treatment and dental treatment. (See Doc. 16, ¶¶ 49, 50, 52, 53, 55, 56; Id., ¶¶ 51, 54, 56.) Other
15 than occurring in the same prison, the dental treatment allegations concern a distinct set of
16 defendants from the medical treatment allegations. Consequently, these claims also cannot be
17 joined together in this complaint. Fed. R. Civ. P. 18 (a). The Court for purposes of this order
18 will analyze only Plaintiff's allegations regarding medical treatment at CSATF/SP. Plaintiff is
19 advised to file a separate complaint regarding his dental treatment at CSATF/SP if he wishes to
20 pursue a section 1983 claim.

21      **2.**    *Alleged Events at CSATF/SP Concerning Medical Treatment*

22      Plaintiff alleges the following concerning events at CSATF/SP. Plaintiff had contracted
23 both Condyloma Accuminata Popaloma Virus ("CAPV") and Hepatitis C Virus ("HCV") while
24 incarcerated. (Doc. 16, p. 9, ¶ 17.) Plaintiff was transferred to CSATF/SP on June 7, 2006. On
25 August 16, 2006, defendant Bhatt conducted a diagnostic intake of Plaintiff. (Id., pp. 26-27, ¶
26 49.) Plaintiff informed Bhatt that warts were migrating to Plaintiff's genitalia, resulting in
27 extreme pain. Plaintiff sought treatment for this to no avail. (Id.) Plaintiff sought pain relief
28

1  medicine and treatment for HCV, but Bhatt failed to act.  (Id.)  Plaintiff filed an inmate appeal on
2  August 21, 2006, seeking surgical/medical treatment because of complications with urination and
3  internal bleeding.  (Id., p. 27, ¶ 50.)  The appeal was erroneously categorized as a Category 7
4  appeal, which precluded Plaintiff's ability to obtain medical attention via appeal.  (Id.)

5        On September 11, 2006, defendant Heck interviewed Plaintiff regarding his appeal.  (Id.,
6  pp. 28-29, ¶ 52.)  Plaintiff conveyed to Heck that the purpose of his appeal was to obtain
7  immediate medical attention, and defendant Heck failed to assist Plaintiff.  (Id.)  The appeal was
8  partially granted as a "category 7" inquiry, concerning only staff misconduct.  (Id.)  Plaintiff
9  appealed to the second level.  (Id., pp. 29-30, ¶ 53.)  On November 21, 2006, Defendant Flores
10 responded by partially granting Plaintiff's appeal.  (Id.)  Plaintiff appealed to the offices of
11 Tilton, Grannis, Kanan, and Enriquez.  (Id.)  On November 28 and 29, 2006, Plaintiff wrote
12 confidential mail to IAB and the Sacramento Officer of Internal Affairs, which were intercepted
13 in order to chill Plaintiff's First Amendment rights.  (Id.)  On February 27, 2007, defendant
14 Enriquez responded to Plaintiff's appeal, concurring with the lower level responses and denying
15 the appeal.  (Id.)  Plaintiff filed another grievance on March 13, 2007.  (Id., pp. 31-32, ¶ 56.)
16 Heck refused to process it.  (Id.)

17       On July 26, 2007, Plaintiff was examined by CSATF/SP medical Does regarding
18 Plaintiff's internal bleeding.  (Id.)  On August, 6, 2007, blood was discovered in Plaintiff's stool
19 sample.  (Id.)  On August 24, 2007, medical Does scheduled Plaintiff for a colonoscopy, which
20 as of the filing date of this action has not occurred.  (Id.)  On December 3, 2007, Plaintiff was
21 transported to a specialist for surgery of anal warts and external hemorrhoids only.  (Id.)
22 CSATF/SP medical Does refused to change Plaintiff's post-surgical bandages or monitor his
23 post-surgical recovery process.  (Id.)  Plaintiff submitted a medical request for treatment on
24 December 11, 2007, which medical Does ignored.  (Id.)  On March 24, 2008, Plaintiff developed
25 a severe anal infection as a result.  (Id.)

26       Plaintiff alleges 1) retaliation, denial of due process and equal protection, 2) deliberate
27 indifference to a serious medical need, 3) failure to train, supervise, and discipline, 4) violation
28

of Americans with Disabilities Act and 5) violation of Section 504 of the Rehabilitation Act of 1973.  (Id., pp. 36, 37, 41, 51, 54.)  Plaintiff seeks monetary damages.  (Id., pp. 55-56.)

**D.      Plaintiff's Claims**

      1.      *Eighth Amendment*

Plaintiff alleges deliberate indifference to Plaintiff's serious medical needs, a violation of the Eighth Amendment.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

Based on the alleged facts, Plaintiff states a cognizable Eighth Amendment claim for

6

deliberate indifference to a serious medical need against defendants Bhatt and Heck.

### A.     Medical Does

Plaintiff's claims against "medical Does" do not meet the linkage requirement for section 1983. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names in his complaint Doe defendants, referring to them as "medical Does." (Doc. 16, pp. 30, 31-32, ¶56.). Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint upon an anonymous or unnamed defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, Plaintiff does not list the number of Doe defendants named as "medical Does," nor does he

identify which defendant Does committed what alleged act. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that Plaintiff claims violate his federal rights. In order to link these Doe defendants to the alleged acts or omissions that demonstrate a violation of Plaintiff's federal rights, the Court shall grant Plaintiff leave to amend, to either name the defendants involved or list the number of Doe defendants involved. If Plaintiff can only list these defendants as John Doe, Plaintiff should try to allege specific acts that these Doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

### B.     Supervisory Liability

Plaintiff names as defendants James C. Tilton, Nancy Grannis, Renee Kanan, Ken Clark, E. Flores, and P. Enriquez, each of whom hold supervisory positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, the argument that anyone who knows about an alleged violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and

1  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an
2  administrative complaint about a completed act of misconduct does not." George v. Smith, 507
3  F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005);
4  Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93
5  (7th Cir.1996).
6       Plaintiff alleges liability against these defendants based on their failure to train, supervise,
7  and discipline. (Doc. 16, pp. 41-42, ¶ 82.)  Since this is liability based on respondeat superior,
8  Plaintiff fails to state a cognizable section 1983 claim against defendants James C. Tilton, Nancy
9  Grannis, Renee Kanan, Ken Clark, E. Flores, and P. Enriquez.

          **2.**     *Retaliation, Due Process, and Equal Protection*

11       Plaintiff alleges that defendants R. Gomez, R. Hall, S. A. Smith, and Heck retaliated
12  against Plaintiff and denied him due process and equal protection under the law.  (Doc. 16, pp.
13  36-37, ¶ 64.)
14       Allegations of retaliation against a prisoner's First Amendment rights to speech or to
15  petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532
16  (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.
17  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First
18  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some
19  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
20  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
21  not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-
22  68 (9th Cir. 2005).
23       Here, Plaintiff's allegations against Gomez, Hall, Smith, and Heck for retaliation are not
24  sufficiently alleged.  Plaintiff appears to allege that his appeals were processed by Heck, albeit
25  not to his satisfaction.  (See Doc. 16, pp. 28-29, ¶¶ 52-53.)  There is thus no adverse action by
26  Heck against Plaintiff because of his protected conduct.   Furthermore, Plaintiff alleges no facts
27  concerning alleged retaliatory conduct Gomez, Hall, and Smith.  Plaintiff thus fails to link
28  Gomez, Hall, and Smith to an alleged act or omission that demonstrates a violation of Plaintiff's

federal rights as required for section 1983 claims.  See Johnson, 588 F.2d at 743.

Furthermore, Plaintiff's allegations that concern solely actions in reviewing Plaintiff's grievance do not state a cognizable due process claim.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.  Plaintiff thus fails to allege a cognizable due process claim.

Plaintiff also fails to allege a cognizable Equal Protection claim.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  Plaintiff makes no allegations that other persons similarly situated to Plaintiff are treated differently from Plaintiff.

### 3. *Americans with Disabilities Act and § 504 of the Rehabilitation Act*

Plaintiff alleges a violation of the Americans with Disabilities Act and § 504 of the Rehabilitation Act.  (Doc. 16, pp. 51-55.)  Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Plaintiff alleges that the defendants failed to provide Plaintiff access to medicine and prevented Plaintiff from receiving adequate, timely, and competent medical provision and treatment.  (Doc. 16, p. 53, ¶ 103.)  Plaintiff thus alleges that he failed to receive medical treatment because of his disabilities.  Though the Ninth Circuit has not addressed this issue specifically, other courts have found that the ADA and § 504 of the RA do not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities.  See, e.g., Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005 (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Grzan v. Charter Hosp. Of Northwest Indiana, 104 F.3d 116, 121-22 (7th Cir. 1997).  Assuming that Plaintiff does have a disability, Plaintiff's allegations concern his medical treatment, not discrimination because of his disability.  Plaintiff's claims are properly raised under the Eighth Amendment, not the ADA or RA.  Plaintiff thus fails to state a cognizable claim under the ADA or § 504 of the RA.

## II. **Conclusion**

Plaintiff has stated a cognizable claim against defendants Bhatt and Heck for violation of the Eighth Amendment. Plaintiff fails to state any cognizable claims against defendants James C. Tilton, Nancy Grannis, Renee Kanan, Ken Clark, E. Flores, P. Enriquez, R. Gomez, R. Hall, S. A. Smith, dental Does, and medical Does. The Court dismisses without prejudice claims against defendants John Doe 1, John Doe 2, J. Fitter, John Doe 3, A. Kittner, C. A. Collins, C. R. Carlson, Shelly Baumgardner, H. Fasolo, D. Edwards, B. Deliberto, J. Sighn, M. Attygalla, P. Fortaleza, Nguyen, Sands, and Alex Peterson for violation of Rule 18(a) of the Federal Rules of Civil Procedure. The Court grants Plaintiff leave to file an amended complaint within thirty days.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Bhatt and Heck, Plaintiff may so notify the Court in writing. The Court will then issue an order dismissing James C. Tilton, Nancy Grannis, Renee Kanan, Ken Clark, E. Flores, P. Enriquez, R. Gomez, R. Hall, S. A. Smith, dental Does, medical Does, John Doe 1, John Doe 2, J. Fitter, John Doe 3, A. Kittner, C. A. Collins, C. R. Carlson, Shelly Baumgardner, H. Fasolo, D. Edwards, B. Deliberto, J. Sighn, M. Attygalla, P. Fortaleza, Nguyen, Sands, and Alex Peterson from the complaint and will forward Plaintiff two summons and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, and limited to alleged events regarding Plaintiff's medical treatment at California Substance Abuse Treatment Facility and State Prison, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order;
3. Plaintiff may not add any new, unrelated claims to this action via his third amended complaint and any attempt to do so will result in an order striking the

third amended complaint;

4. If plaintiff does not wish to pursue this action, plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order and

5. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **February 23, 2009**                       **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE