1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   LARRY C. ALEXANDER,                    CASE NO. 1:07-cv-00759-LJO-DLB PC

10                        Plaintiff,        FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSAL OF ACTION
11        v.                                FOR FAILURE TO OBEY A COURT ORDER

12   JAMES E. TILTON, et al.,               (Doc. 8)

13                        Defendants.       OBJECTIONS DUE WITHIN FIFTEEN DAYS
     _____/
14

15        Plaintiff Larry C. Alexander ("Plaintiff") is a state prisoner proceeding pro se in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an amended complaint on July 28, 2008.

17   On February 24, 2009, the Court issued an order requiring Plaintiff, within thirty days, to either file

18   an amended complaint curing the deficiencies identified by the Court or notify the Court in writing

19   that he does not wish to file an amended complaint and is willing to proceed only on the claims

20   found to be cognizable.  Despite having obtained two extensions of time, Plaintiff still has not

21   complied with or otherwise responded to the Court's February 24, 2009 order.

22        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

23   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

24   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

25   control their dockets and "in the exercise of that power, they may impose sanctions including, where

26   appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

27   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

28   action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

1

1  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

2  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

3  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

4  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

5  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

6  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

7  failure to lack of prosecution and failure to comply with local rules).  In determining whether to

8  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local

9  rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of

10  litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

11  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

12  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

13  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

14         In the instant case, the Court finds that the public's interest in expeditiously resolving this

15  litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case

16  has been pending since May 23, 2007.  The third factor, risk of prejudice to defendants, also weighs

17  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

18  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

19  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

20  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

21  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

22  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d

23  at 1424.  The Court's order expressly stated: "If Plaintiff fails to comply with this order, the Court

24  will dismiss this action for failure to obey a court order."  Thus, Plaintiff had adequate warning that

25  dismissal would result from his noncompliance with the Court's order.

26         Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without

27  prejudice, based on Plaintiff's failure to obey the Court's order of February 24, 2009.

28         These Findings and Recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).


     IT IS SO ORDERED.

     **Dated:     July 20, 2009              /s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE